EASTERN DIS.
*May*, 1833.

HENDERSON
ET ALS.
*vs.*
MAYOR, ETC. OF
NEW-ORLEANS.

*Burk* and *Davis*, for appellant.

---

HENDERSON ET ALS. *vs.* MAYOR, &c. OF NEW-ORLEANS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The corporation of the city of New Orleans, possesses such power only, as has been delegated by the legislature; and no power has been delegated to appropriate to the public use, private property, without paying its value, to the proprietor.

A front proprietor of land, has, at any time, the right to call for a jury, to decide, if a change in the levee can be safely made; and if it can, they have no authority to refuse permission, because the proprietor will not surrender part of his property to the public, or burthen it with a servitude, to which other lands are not subjected.

EASTERN DIS.
*May*, 1833.

═══════

HENDERSON
ET ALS.
*vs.*
MAYOR, ETC. OF
NEW-ORLEANS.

This action was commenced by Stephen Henderson and others, front proprietors of lots in the faubourgs Delor and Saulet, in the upper part of the city of New-Orleans, to prevent the Corporation from proceeding to open and lay out a public street and levee over the borders of their lots, formed by the batture; or if the Corporation be allowed to proceed, that the street and levee be restricted to the necessary limits, and the corporation required to compensate the owners, by paying the value of the land used.

The petitioners allege, they are riparian proprietors of these unincorporated faubourgs of the city, and that they hold several lots, fronting on New-Levee and Tchoupitoulas streets, situated on the batture, and forming part of a rural estate, fronting on the Mississippi. That by an agreement annexed to their titles, they are entitled to all the future increase of the batture in the rear of their lots. The rural estate of which their lots form a part, they allege, has furnished successively, two highways to the public, both of which are open, and that one of them has been given without compensation; that a good levee has also been made by them, between the highway and the river.

They further state there is a batture in front of their lots at low water, from one to three hundred feet wide, sufficiently elevated to be reclaimed; that several parts of the batture are now raised above high-water mark, upon which is erected valuable improvements, such as wharves, saw-mills, timber and coal yards, which have been several years in use, and are of great service to the port.

They then allege that the act of the legislature of March 16, 1830, and the city ordinance of October, 1830, under which the corporate authority is proceeding to demolish these works on the batture, and to lay out the said street and levee

EASTERN DIS.
May, 1833.

HENDERSON
ET ALS.
vs.
MAYOR, ETC. OF
NEW-ORLEANS.

over their lots, are unconstitutional.    That by this proceeding, the corporation has slandered their titles to their damage, twenty thousand dollars; and the strip of land about to be taken for the street and levee, they allege is worth one hundred thousand dollars.

An injunction was granted, staying the proceedings of the defendants.

The counsel for the corporation, denied the plaintiffs' allegations, and averred that by the laws of Louisiana, no person has the right to erect work or buildings on the beds of rivers or navigable streams, or obstruct the public use of them. That no person is permitted to make any new levee or embankment in front of those which formerly existed, without the authority of the corporation or police jury of the parish; and that these authorities respectively within their limits, have power to make all needful regulation respecting causeways, bridges, levees, and other public highways; to remove old levees, and make new ones.

The defendants further aver, that the property in contest, lies in the suburb Delor, which is incorporated, and the corporation is entitled to all the alluvian newly created, adjacent to the levee, and made at its expense, in the whole extent of the limits of the city of New-Orleans.

The mayor of the city answered separately, and averred that he had notified the petitioners to demolish and remove the works and obstructions they had erected on the batture in question, and justified his proceedings under the act of March 16, 1830, entitled "An Act concerning Levees," &c. and the city ordinance of October, 1830. He prayed that the injunction be dissolved.

The city surveyor deposed, that the old levee in front of the suburb Delor, as it now stands is front of New Levee street, and that the distance between the proposed new levee and street, and the bank of the river at low water, is at the widest part from eighty to one hundred feet, and at the narrowest, from fifteen to twenty feet wide.. He also stated that there were two saw-mills, other works and buildings erected on the

batture, which obstructed the navigation of the river, and encroached upon the projected new levee and street, and that the banks of the river were much encumbered with lumber and other obstructions.

The record contains the following admission. "It is admitted that the plaintiffs are the proprietors of the different lots of ground as stated in their petition, and as such, entitled to the increase of the batture in front of the same."

There was judgment dissolving the injunction and recognising the authority of the Corporation to clear the shores of the river, to remove obstructions, to determine what space should be left open along the same, and to lay off levees, streets and highways, &c. From this judgment, the plaintiffs appealed.

On the appeal, the judgment of the District Court was affirmed. *Vide* 3 *La. Rep.* 563.

At the second trial, the District Court again dissolved the injunction, but only so far as related to making the levee, and continued it in force as to the opening of the new street, until the plaintiffs were indemnified and compensated for all the damages and loss sustained by them, in consequence thereof.

It was admitted by the parties as follows, viz: 1. "That the ground in controversy formed part of a rural estate, of which Madame Delor Sarpy was owner."

2. "That Madame Delor Sarpy was the true and lawful owner of the batture in front of said estate."

3. "That all the plaintiffs derive title from Madame Delor Sarpy."

Two witnesses deposed that Tchoupitoulas street was the high road and levee in front of the property of Madame Delor Sarpy and Saulet, until 1808; that the present road and levee is now between Tchoupitoulas street and the river, called "*New-Levee street,*" which was made by the proprietors of property in front of the faubourgs Delor and Saulet, and is now open and used as a public highway.

A plan and representation of the *locus in quo*, embracing the batture, lots and works of the plaintiffs, and the situation

EASTERN DIS
  May, 1833.

HENDERSON
  ET ALS.
  vs.
MAYOR, ETC. OF
NEW-ORLEANS.
of the faubourgs Delor and Saulet, was introduced in evidence.

Judgment having been rendered on the second trial for the plaintiffs, the defendants appealed.

PORTER, J. delivered the opinion of the court.

The plaintiffs state themselves to be the riparian proprietors of front lots of certain unincorporated faubourgs of the city of New-Orleans, and from the petition filed by them, it appears they had several objects in view. 1. To prevent the corporation from making a levee on the batture lying in front of their property. 2. From making a road. 3. To prevent the mayor from removing or causing to be removed, certain works which they had erected on the said batture; and, 4. In case the court should decide that the corporation had the power to order a new levee and road, that they might be decreed to make compensation to the plaintiffs, for the ground so taken for the road and levee, or for that which they had formerly furnished to make another road, lying further back from the river.

The pleadings and proceedings in the court of the first instance, enabled the parties to bring before this court by appeal, the question in relation to the right of the corporation, to remove the obstructions which the plaintiffs had interposed to the public use of the batture. We were of opinion the mayor of the city had a right to abate them; but we reserved the questions as to the claim for compensation for the ground which was to be taken for a road and levee.

The parties have since litigated this matter, and the defendants have appealed from the judgment of the District Court, which absolved them from any claim for the land taken as a levee, but condemned them to remunerate the plaintiffs for that destined for a road or street.

The argument at the bar, covered a great deal more ground than we have found it necessary to examine, in making up our minds on the rights of the parties. An inquiry

into the general principles of law, in matters of this kind, we consider unnecessary, as in our judgment, the case must be decided on the positive enactments of the statute law of the state.

It appears from the evidence in the cause, that two roads have been previously taken by the public over the land which the plaintiffs now own. The first is proved to have existed sixty years, and is most probably that which was laid out immediately after the land was conceded, and in virtue of a condition express or implied in all grants of land by the former governments of Louisiana, that the grantee should furnish ground for a public highway. The second is of much more modern destination. Both are now used by the public.

As the condition in the original grant has been complied with, we are compelled to look elsewhere for the authority of a municipal body, to appropriate the land of individuals to their purposes, or to the use of the public, without compensation. Our researches in this object, have been wholly unsuccessful. The *Louisiana Code* expressly declares, that "no one can be divested of his property, unless for some purpose of public utility, and on consideration of an equitable and previous indemnity, and in a manner previously prescribed by law." *La. Code.*

Admitting the right to property, and the right that it shall not be taken from the owner without compensation, to exist in Louisiana merely at the will of the legislature, and that it cannot claim a higher sanction and a more powerful protection from principles, which if not expressed in the constitution of the state, necessarily flow from free institutions, we have been unable to find any law which sanctions the pretensions of the defendants. There is, on the contrary, express legislation in opposition to them.

By the 15th section of the original act of incorporation, a power is given to the Corporation, to open, widen, and continue streets, "and if for such purpose, the ground of any person or body corporate is necessary to be had, the city council shall endeavor to purchase the same at a reasonable price." The act then proceeds to provide, that in case the

EASTERN DIS.
May, 1833.

HENDERSON
ET ALS.

vs.
MAYOR, ETC. OF
NEW-ORLEANS.

proprietor and the city representatives cannot agree on the price, a jury shall be called to assess the value, and the damages the owner may sustain.  2 *Moreau's Digest*, 115.

After an interval of twenty-seven years, we find the legislature of the state acting on this subject, and with a perfect conformity in relation to the right of owners of property, required for municipal purposes, being reimbursed.  The first section of the act entitled "an act to regulate the opening, laying out, and improving streets and public places in New-Orleans, and its suburbs corporated and non-incorporated, and in the *banlieux* of the same," gives, in terms more comprehensive than the act of 1805, the authority to the mayor and city council, to lay out, form, or open any street, place, &c. and to take possession of any lots, &c. necessary for this purpose; but it further provides. that if the owners of the property sustain a loss by the act of the corporation, compensation shall be made to them in the manner pointed out by subsequent provisions in the statute.  *See acts of* 1832, 132·

Whatever power, therefore, the legislature may have over private property, it is clear to us, that they have only delegated to the corporation of New-Orleans, the right to apply it to their, or public use, on paying the proprietor for the loss he may sustain by such a destination being given to the ground belonging to him; and we are equally clear, that the corporation can possess no more authority on this subject, than the legislature has conferred on them.

It was, however, contended, that this case presented an exception to the rule just stated, because here it was in the power of the corporation, to have refrained from ordering the levee to be advanced nearer the river; and if they had so refrained, the property would have remained batture, subject to the public use; it would have made a part of the bed of the river, and of the port of New-Orleans.  From these postulates, it is concluded that as they had the power to make the ground susceptible of private ownership, they had a right to impose any conditions they pleased in rendering it so, and that hence the plaintiff cannot complain, if a part is appropriated to a road.

The corporation of the city of New-Orleans, possesses such power only, as has been delegated by the legislature; and no power has been delegated to appropriate to the public use, private property, without paying its value to the proprietor.

This reasoning, however specious it may at first appear, is not, in our opinion, sound. It proceeds on the idea, that the permission to extend the levee, is a boon conferred by the public on the proprietor, which may be granted or refused on an arbitrary discretion. We, however, think that every front proprietor has a right to call for a jury, to decide whether the change in the levee can be safely made or not, and if the facts require them to say so, that they have no authority to refuse the permission, because the owner will not surrender part of the property to the public, or burthen it with servitudes to which other lands are not subject. The laws of the country give to the front proprietor, all the batture formed in front of the soil owned by him on the banks of the river. When this batture has risen to a height to be susceptible of private ownership, it becomes as much his property as the land it is attached to. Motives of public policy, it is true, have induced the legislature to prevent him from using it without the consent of twelve riparian proprietors; but when the public safety is not endangered, the consent ought not to be wantonly refused. At all events, if granted, it cannot be clogged with conditions inconsistent with the rights arising out of that situation of the property which authorises the jury to permit the levee to be advanced nearer the river. The act of 1808, which requires a jury to be summoned, does not authorise any condition to be imposed in granting the permission asked for.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.

*Eustis*, for appellants.

*Hennen* and *Rost*, for appellees.